# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## AUGUST 1998 SESSION

FILED

October 19, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9708-CC-00344 |
| Appellee, | ) | |
| | ) | MONTGOMERY  COUNTY |
| VS. | ) | |
| | ) | HON. JOHN H. GASAWAY III, |
| FRANK WAYNE HILL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Robbery) |

FOR THE APPELLANT:

FOR THE APPELLEE:


**GREGORY D. SMITH**
One Public Square, Suite 321
Clarksville, TN 37040
　　　(On Appeal)

**STACY A. TURNER**
105 South Third St.
Clarksville, TN 37040
　　　(At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Asst. Attorney General
425 Fifth Ave., North
Nashville, TN 37243

**JOHN W. CARNEY**
District Attorney General

**DANIEL BROLLIER**
Asst. District Attorney General
204 Franklin St., Suite 200
Clarksville, TN 37040


OPINION FILED:_____


**CONVICTION AFFIRMED;
REMANDED FOR RESENTENCING**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The Montgomery County grand jury indicted the defendant on one count of aggravated robbery. On September 18, 1996, a jury found the defendant guilty of the charged offense. On October 18, 1996, the trial court sentenced the defendant, as a Range I standard offender, to a term of eight years, to be served in the community corrections program. The court ordered this sentence to be served consecutively to a four year sentence of incarceration on a prior robbery conviction.[1]

On November 18, 1996, the trial court, sua sponte, held a second sentencing hearing in order to consider the effect of another indictment against the defendant which the court was made aware of after the original sentencing hearing. The trial court amended its original sentence and ordered that the eight year sentence be served in the Tennessee Department of Correction rather than in a community corrections program.

The defendant appeals, challenging the sufficiency of the evidence used to convict him and the legality of the sentence which was imposed. After a review of the record and the applicable law, we find no merit to the defendant's sufficiency challenge; however, we remand the case for resentencing.

On the evening of July 27, 1995, Eric Tanner was robbed at gunpoint at a convenience store. He was on his way home from work and stopped to buy gas. After he finished pumping the gas, he walked toward the convenience store and was stopped by a young male. The man began to talk to the victim and, as the conversation went on, he began to back into a darker area beside the store. The man then pulled out a gun, pointed the gun directly at the victim's face, and ordered the victim to give him all his money. When the victim said he had no money, the man reached into the victim's back pocket and pulled out his wallet. The man then ordered the victim to empty his front pockets. After the victim complied, the man ordered the victim to turn around and run away.

---

[1] Hill was on post-trial diversion in the prior robbery case and this conviction for aggravated robbery resulted in this diversion being terminated.

During the defendant's trial, the victim positively identified the defendant as the robber. The victim testified that at the time of the robbery he had vaguely recognized the robber but could not remember an exact name. Approximately two months after the robbery, the victim returned to school and began to look through old yearbooks in an effort to find out the robber's identity. According to the victim, he found the defendant's picture and then informed the police. The police then showed the victim a photo line-up and he again identified the defendant as the robber.

As the victim's identification of the defendant was the major proof against him at the trial, the defendant challenges the sufficiency of the evidence used to convict him. The defendant contends that the victim's identification is unreliable. In support of this the defendant points to the fact that there was a six week time lapse between the robbery and the defendant's arrest. The defendant also contends that the victim found the defendant's picture in the yearbook only after the police had given him the defendant's name. According to the defendant, the victim's identification is also unreliable because the defendant does not exactly match the description of the robber given by the victim in the police report.

The defendant also contends that the evidence is insufficient to support his conviction because the victim's testimony is in direct contravention with the testimony of the defendant's witnesses. At the trial, the defendant's mother, father, sister and girlfriend placed the defendant at home on the evening of the robbery and testified that he did not leave the home the entire evening. On this basis, the defendant argues that no reasonable jury could have found him guilty of the aggravated robbery of Eric Tanner.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the

3

light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

In affording the State the strongest legitimate view of the evidence contained in the record, we find that a reasonable jury could have found the defendant guilty beyond a reasonable doubt of the aggravated robbery of Eric Tanner. The victim made a positive identification of the defendant on two separate occasions, not including the identification made in the courtroom during the trial. Although the defendant's family and girlfriend placed the defendant elsewhere on the night of the robbery, the credibility of that testimony is determined by the trier of fact, not this Court. The jury in the defendant's case apparently determined that the victim's testimony was reliable and found the defendant guilty. We find that there is enough evidence on the record to support the guilty verdict beyond a reasonable doubt.

As his second issue, the defendant argues that the trial court erred in sua sponte changing the defendant's sentence from participation in a community corrections program to a sentence in the Tennessee Department of Correction after the defendant had begun serving his sentence.

The defendant was originally sentenced on October 18, 1996, to a term of eight years to be served in community corrections. On November 18, 1996, the trial court, sua sponte, held another sentencing hearing to amend the defendant's sentence. At the second hearing, the defendant's sentence was changed to an eight year sentence to be served in the Tennessee Department of Correction rather than in the community corrections program. The judge's reconsideration of the

4

defendant's sentence was based on an indictment of the defendant that was handed down by the grand jury soon after the original sentencing hearing. The judge reasoned:

> As I stated earlier, the factors of his age and his apparent remorse and likelihood of rehabilitation prompted this Court to order him to serve that eight year sentence with Community Corrections despite the fact it was a crime of violence.
>
> In substance I said that if Mr. Hill ever came back before this Court on anything else that I would in all likelihood consider his rehabilitation to be nil, or the possibility of his rehabilitation to be nil. And that I would not have any choice but to send him to the Department of Corrections.
>
> There is no evidence here today, but there is an indictment which was handed down by a Grand Jury based on probable cause. The Grand Jury heard testimony, sworn testimony, and based upon what it heard believed there was a probability that a crime was committed and a probability that this Defendant committed that crime.
>
> Given the totality of all the facts and circumstances the Court believes that its sentence was just wrong. Therefore I am amending the sentence, and I am ordering the eight year sentence to be served with the Department of Correction.

Given these statements, it is apparent the judge resentenced the defendant based on the new indictment.[2] This is in spite of the fact that, as the judge pointed out, there was no evidence of wrongdoing by the defendant, only an indictment.

There are several apparent errors concerning the sentencing and the resentencing of the defendant. It appears to this Court that under the statutory criteria set out at T.C.A. § 40-36-106(a), the defendant was not eligible for a sentence in a community corrections program.[3] In addition, even if the defendant had been eligible for a community corrections sentence, it is unclear whether the trial judge had the authority to amend the defendant's sentence.[4] In light of the foregoing, we remand

___

[2] We note that this indictment was later nol-prossed.

[3] As the defendant was convicted of aggravated robbery and was sentenced to incarceration for a previous offense and there was no finding on the record of any special needs, he is not an eligible offender as set out in T.C.A. § 40-36-106(a).

[4] We are of the opinion that if the defendant had not yet started serving his sentence, the judge could amend the sentence within thirty days of the original sentencing as long as the parties were given proper notice. See Tinker v. State, 579 S.W.2d 905 (Tenn. Crim. App. 1979). If the defendant had already begun serving his sentence, the trial judge could only have revoked the community corrections sentence with a proper revocation hearing and proper notice. See State v. Worley, No. 03C01-9608-CR-00322, Sullivan County (Tenn. Crim. App. filed August 29, 1997, at Knoxville). In any case, the defendant is required to be present at every stage of the trial, including sentencing. Tenn. R. Crim. P. 43(a). Although the record is not entirely clear, it appears that the defendant was not present at the resentencing hearing and there is no indication in the record that the defendant waived that right. This

this case for resentencing in accordance with the provisions of the Criminal Sentencing Reform Act of 1989.

In sum, we affirm the defendant's conviction and remand the case for resentencing.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
THOMAS T. WOODALL, Judge

_____
L. TERRY LAFFERTY, Special Judge

---

alone would deprive the court of the authority to resentence the defendant.