# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 2000 Session

## STATE OF TENNESSEE v. THOMAS ANDERSON, JR.

### Appeal from the Circuit Court for Williamson County
#### No. II-398-102-B     Cornelia A. Clark, Judge

---

### No. M1999-01384-CCA-R3-CD - Filed August 31, 2000

---

The appellant, Thomas Anderson, Jr., pled guilty in the Williamson County Circuit Court to two counts of sale of cocaine, class C felonies. The trial court[1] sentenced the appellant as a persistent, Range III offender to consecutive terms of ten years incarceration in the Tennessee Department of Correction. The appellant now appeals his convictions and sentences, presenting the following issues for our review: (1) whether the trial court erred in imposing consecutive sentencing; (2) whether the trial court erred in denying the appellant placement in a community corrections program; and (3) whether the trial court erred in denying the appellant's motion to withdraw his guilty pleas. Following a review of the record and the parties' briefs, we reverse the judgments of the trial court and remand this case for proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Remanded.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, J.J., joined.

Judy A. Oxford, Franklin, Tennessee, and Larry D. Drolsum, Assistant District Public Defender, for the appellant, Thomas Anderson, Jr.

Paul G. Summers, Attorney General and Reporter, Kim R. Helper, Assistant Attorney General, and Sharon E. Tyler, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 6, 1999, pursuant to his pleas of guilty, the appellant was convicted in the Williamson County Circuit Court of two counts of sale of cocaine, class C felonies. For his offenses, the appellant received consecutive, Range III sentences of ten years incarceration in the Tennessee

---

[1]Three different judges presided over the appellant's case. Judge Donald P. Harris presided over the entry of the appellant's guilty pleas. Judge Cornelia A. Clark presided over the appellant's sentencing hearing. Judge Henry D. Bell presided over the hearing on the appellant's motion to withdraw his guilty pleas.

Department of Correction. On appeal, the appellant challenges the trial court's sentencing determinations. Specifically, the appellant asserts that the trial court erred in imposing consecutive sentencing and in denying him placement in a community corrections program. Moreover, the appellant challenges the trial court's denial of his motion to withdraw his guilty pleas. We now reverse the judgments of the trial court and remand this case for proceedings consistent with this opinion.

## I. Factual Background

On March 9, 1998, a Williamson County Grand Jury indicted the appellant for two counts of delivery of cocaine and two counts of sale of cocaine. These indictments arose from the appellant's involvement on June 25, 1997, in a series of drug sales to confidential informants employed by law enforcement agencies. The illegal transactions were recorded on video and audio tape.

At the time of these offenses, the appellant was released on an appeal bond in a case in which the appellant had been convicted in 1994 of theft of property worth more than five hundred dollars and sentenced to six years incarceration in the Tennessee Department of Correction.[2] The appellant's criminal history also included 1982 convictions of attempted second degree burglary and attempted third degree burglary, a 1984 conviction of receiving stolen property, and 1990 convictions of third degree burglary, petite larceny, and possession of a counterfeit controlled substance.

On November 24, 1998, the appellant pled guilty to two counts of sale of cocaine. The "Negotiated Plea Agreement" reflects the parties' agreement that the appellant was a persistent offender and their agreement that the trial court would determine the appellant's sentences and whether his sentences should be suspended. The trial court conducted a sentencing hearing on April 16, 1999. At the hearing, the appellant's attorney argued that the appellant should receive the minimum sentence within Range III for both offenses, that his sentences should be served concurrently, and that the appellant should be placed in a community corrections program. At the conclusion of the hearing, the trial court agreed that minimum sentences of ten years incarceration were appropriate but noted that it was required by the Tennessee Rules of Criminal Procedure to impose consecutive sentencing. Moreover, the court concluded that, because the appellant was currently incarcerated pursuant to his 1994 conviction of theft, he was not eligible for community corrections.

On May 5, 1999, following the imposition of his sentences and before the judgments of conviction became final, the appellant filed a motion to withdraw his guilty pleas. The trial court conducted a hearing on the appellant's motion on May 24, 1999. At the hearing, the appellant asserted that he was innocent. He also asserted that he did not enter his pleas knowingly and understandingly due to his ignorance of the factual bases of the pleas. Moreover, the appellant

---

[2]This court affirmed the appellant's 1994 conviction. State v. Anderson, 985 S.W.2d 9 (Tenn. Crim. App. 1997), perm. to appeal denied, (Tenn. 1998).

asserted that he would not have pled guilty but for counsel's assurance that he was eligible for community corrections. The appellant's attorney confirmed that he had advised the appellant that he would be eligible for placement in a community corrections program and further confirmed that the appellant's eligibility for community corrections was a significant factor in the appellant's decision to plead guilty. At the conclusion of the hearing, the trial court denied the appellant's motion.

## II. Analysis

### a.    Sentencing

#### i.    Consecutive Sentencing

The appellant first contends that the trial court erred in concluding that Tenn. R. Crim. P. 32(c)(3) required consecutive service of his sentences for sale of cocaine. The State concedes the appellant's point but asserts that this court should exercise its power of de novo review and conclude that consecutive sentencing is appropriate in light of the appellant's extensive record of criminal activity. See Tenn. Code Ann. § 40-35-115(b)(2) (1997). We need not address the State's contention due to our disposition of the following issues.

#### ii.    Community Corrections

The appellant next asserts that the trial court erred in denying him placement in a community corrections program due to his incarceration pursuant to his 1994 conviction of theft. The appellant contends that Tenn. Code Ann. § 40-36-106(a) (1997) only precludes eligibility when "a defendant has already been sentenced to incarceration on the conviction at issue." The State responds that the appellant's interpretation is contrary both to the plain meaning of the statute and to this court's prior decisions. We agree with the State and conclude that the appellant, was not eligible for community corrections. State v. Hill, 987 S.W.2d 867, 871 n.3 (Tenn. Crim. App. 1997); State v. Davidson, No. E1999-01465-CCA-R3-CD, 2000 WL 274079, at *3 (Tenn. Crim. App. at Knoxville, March 13, 2000); State v. Redd, No. 01C01-9608-CC-00342, 1997 WL 722786, at *6 (Tenn. Crim. App. at Nashville, November 20, 1997); Hilliard v. State, No. 02C01-9507-CC-00182, 1996 WL 417667, at *4 (Tenn. Crim. App. at Jackson, July 26, 1996).

### b.    Motion to Withdraw Guilty Pleas

Finally, the appellant contends that the trial court erred in denying his motion to withdraw his guilty pleas. In this regard, the appellant primarily asserts that he did not knowingly and understandingly enter his pleas of guilty. Citing State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995), the State responds that the appellant has failed to demonstrate a manifest injustice warranting the withdrawal of his pleas.

We initially note that this court has stated that an appeal as of right from the denial of a motion to withdraw a guilty plea is not contemplated by Tenn. R. App. P. 3(b). State v. Peele, No. E1999-00907-CCA-R3-CD, 2000 WL 782054, at **1-2 (Tenn. Crim. App. at Knoxville, June 20, 2000); State v. Taylor, No. W1998-006560-CCA-R3-CD, 2000 WL 279893, at *2-3 (Tenn. Crim. App. at Jackson, March 10, 2000)(Ogle, J., concurring in result only). That having been said, Tenn. R. App. P. 3(b) and Tenn. R. Crim. P. 37(b)(2)(iii) do contemplate an appeal as of right from

a conviction upon a plea of guilty when the issue raised by the appellant was not waived as a matter of law by the plea of guilty, and the error is apparent from the record of the proceedings below. See also Tenn. R. Crim. P. 37, Advisory Commission Comments; Turner, 919 S.W.2d at 360-361. The entry of a guilty plea does not constitute a waiver of a claim on direct appeal that the plea was not voluntarily, knowingly, and understandingly made under constitutional and procedural rule requirements. See State v. Frazier, 784 S.W.2d 927, 928 (Tenn.1990); State v. Mackey, 553 S.W.2d 337, 339-42 (Tenn.1977); State v. Wilson, No. 03C01-9609-CC-00352, 1998 WL 564021, at *6 (Tenn. Crim. App. at Knoxville, September 1, 1998), perm. to appeal granted, (Tenn. 1999). Moreover, the invalidity of the appellant's pleas in this case is apparent upon the face of the existing record.

In order to pass constitutional muster, an accused's guilty plea must be entered voluntarily, knowingly, and understandingly. Parke v. Raley, 506 U.S. 20, 28-29, 133 S.Ct. 517, 523 (1992); Boykin v. Alabama, 395 U.S. 238, 242-244, 89 S.Ct. 1709, 1712-1713 (1969). See also Blankenship v. State, 858 S.W.2d 897, 904-905 (Tenn. 1993). In other words, a guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970). Thus, a defendant must possess a sufficient awareness of the relevant circumstances and likely consequences of his plea. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469 (1970). It is largely undisputed in this case that, at the time of the appellant's guilty pleas, he understood, erroneously, that he was eligible for community corrections and that the trial court would possess discretion at his sentencing hearing to order his placement in a community corrections program. Indeed, the record reflects that both the appellant's attorney and the State suffered the same misapprehension. Moreover, it is undisputed that the appellant's eligibility for community corrections was a determinative factor in his decision to plead guilty. Under these circumstances, we must set aside the appellant's convictions and remand this case for a trial upon the original indictment. See, e.g., State v. Radford, No. 30, 1986 WL 10126, at **1-2 (Tenn. Crim. App. at Knoxville, September 17, 1986). Cf. Shazel v. State, 966 S.W.2d 414, 416 (Tenn. 1998).

### III.  Conclusion

For the foregoing reasons, we reverse the judgment of the trial court, order reinstatement of the original eight count indictment and remand for trial or other appropriate proceeding.

_____
NORMA McGEE OGLE, JUDGE

-4-