IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 18, 2010

## STATE OF TENNESSEE v. GEORGE C. KILGORE

**Appeal from the Circuit Court for Montgomery County**
**No. 40800608     John H. Gasaway, Judge**

---

**No. M2009-01539-CCA-R3-CD - Filed June 21, 2010**

---

The Montgomery Count Grand Jury indicted Appellant for aggravated robbery and possession of .5 grams or more of cocaine. After a bench trial, the trial court found Appellant guilty as charged. Appellant was sentenced to two, concurrent twelve-year sentences to be served at 35% as a Range II, multiple offender. On appeal, Appellant argues that the evidence was insufficient to support his conviction for aggravated robbery. After a thorough review of the record, we conclude that the evidence was sufficient. Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., JOINED.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, George G. Kilgore.

Robert E. Cooper, Jr., Attorney General and Reporter, Lindsy Paduch Stempel, Assistant Attorney General; John Carney, District Attorney General, and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

Rachel Diez was employed at a Food Lion grocery store in Montgomery County. On February 23, 2008, she was working as an office assistant during the second shift from 3:00 p.m. until the store closed at 11:00 p.m. At 10:50 p.m., a man walked into the store, found Ms. Diez in the office and requested to cash a payroll check. Ms. Diez informed him that the

store had a rule against cashing payroll checks. The man asked to purchase batteries. Ms. Diez walked around to the cash register to ring up his purchase.

When she looked up to tell the man how much he owed for the batteries, Ms. Diez noticed that his wallet was already out, but he was reaching further into his pocket. The man pulled out a gun and demanded money. He grabbed her keys to the office and walked her to the safe. Ms. Diez gave him about $3,200 from the safe. The man ran out of the store with the money. After he ran out, Ms. Diez alerted the two other employees who were at the back of the store. Ms. Diez called 911. While she was on the telephone with the 911 dispatcher, the manager noticed a wallet. Ms. Diez recognized the wallet as belonging to the man who had held her at gunpoint and stolen the money. She read the identification information to the dispatcher.

Deputy Charles Hummel, with the Montgomery County Sheriff's Office, responded to the 911 dispatcher and proceeded to the Food Lion. He arrived at 11:00 p.m. He spoke with Ms. Diez as soon as he arrived. She showed him the wallet that the man had left behind. Ms. Diez identified the man who had robbed the store as being the same man who was pictured on the identification contained in the wallet. Officer Hummel put out a "BOLO" ("be on the lookout") for Appellant based upon Ms. Diez's identification of the robber and the information in the wallet. Law enforcement officers began looking for Appellant in the woods behind the store after a report from a witness who saw someone run out of the store and into the woods. They searched for about two hours but did not locate the suspect.

Michael Blevins is a criminal investigator with the Montgomery County Sheriff's Office. Investigator Blevins received a call around 11:30 p.m. regarding the aggravated robbery. He proceeded to the Food Lion. Around 2:00 a.m., he decided to abandon the search of the woods and proceed to Appellant's residence. Investigator Blevins drove past Appellant's residence and turned around. While driving away from Appellant's residence, Investigator Blevins passed a pick-up truck traveling at a high rate of speed towards Appellant's residence. Investigator Blevins returned to Appellant's residence. He found a red pick-up truck in the drive-way and people getting out of the vehicle. He illuminated his emergency equipment and got out of his patrol car. Investigator Blevins approached Appellant and grabbed his arm. Appellant pulled away from the officer and threw a bag with his right hand. Investigator Blevins forced Appellant to the ground and arrested him and called for backup.

When additional officers arrived, Investigator Blevins placed Appellant in the back of a patrol car and proceeded to the pick-up truck. Near the truck he found a cellophane bag containing a powdery, white substance. When sent to the Tennessee Bureau of Investigation ("TBI") Laboratory, this substance tested positive for cocaine. Investigator Blevins also

searched the pick-up truck. Inside the truck he found four twelve-packs of beer, six bags of chips, various snacks, batteries, cigarettes, four cigarette lighters, one bottle of liquor about one-quarter full, condoms, and a cell phone. Another officer, Officer Dan Brinkmeyer located a receipt from a Citgo gas station time stamped 12:43 a.m. and dated February 24, 2008. When questioned later, the cashier at the Citgo gas station recalled a person making a purchase with a large amount of money.

Emmett Sexton is the jail chaplain for the Montgomery County Sheriff's Department. While Appellant was in jail, he sent for Chaplain Sexton. Appellant told the chaplain that he wanted to confess to a crime and tell the chaplain where he had hidden the money and the gun. The chaplain stopped Appellant and told him that he needed to confess to an investigator.

On May 5, 2008, the Montgomery County Grand Jury indicted Appellant for one count of aggravated robbery and one count of possession of .5 grams or more of cocaine. At the conclusion of a bench trial held on March 23, 2009, the trial court found Appellant guilty as charged with regard to both counts. On June 11, 2009, the trial court held a sentencing hearing. The trial court sentenced Appellant as a Range II, multiple offender to twelve years for each conviction to run concurrently. Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that the evidence was insufficient to support his conviction for aggravated robbery because the in-court identification was not sufficient. The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the state. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is

precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

Robbery is the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." T.C.A. § 39-13-401(a). A robbery becomes aggravated either when the victim is seriously injured or when the defendant "display[s] . . . any article used . . . to lead the victim to reasonable believe it to be a deadly weapon." T.C.A. § 39-13-402(a).

At trial, the State asked Ms. Diez if she would recognize the man who pointed a gun at her and stole the money. Ms. Diez replied that she would. The State asked her to point out the man. She replied, "Right there in the orange." There was no objection to this identification at trial. Appellant argues that this identification was not sufficient because there were other individuals present in the courtroom and the fact that many people in this state wear orange because "Tennessee is Big Orange Country."

Appellant relies upon *People v. Bonslater*, 633 N.E.2d 830 (Ill. App. Ct. 1994), a case from the Appellate Court of Illinois, to support his argument. First we point out that this Court is not bound by decisions of the Appellate Court of Illinois. Secondly, having reviewed *Bonslater*, we find no ruling regarding the issue in question. The case does contain a narrative from a lower proceeding regarding the identification of the defendant in court. However, the issues addressed in the opinion are that the evidence was insufficient because "the officer's version of the surrounding circumstances was so improbable and unsatisfactory" that a trier of fact could not have found him guilty and that he was afforded ineffective assistance of counsel. *Bonslater*, 633 N.E.2d at 831.

The identification of the defendant as the person who committed the crime is a question of fact for the trier of fact. *See State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. *State v. Radley*, 29 S.W.3d 532, 536 (Tenn. Crim. App. 1999) (citing *Strickland*, 885 S.W.2d at 87-88). A victim's identification of a defendant as the perpetrator of an offense is, alone, sufficient to establish identity. *See State v. Hill*, 987 S.W.2d 867, 870 (Tenn. Crim. App. 1998); *Strickland*, 885 S.W.2d at 87.

Appellant argues that this Court is unable to tell whom Ms. Diez was identifying by reference to his clothing. However, as stated above, it is not the role of this Court to determine the reliability of an identification, but rather it is a question of fact for the trier of fact.

When taken in a light most favorable to the State, an individual stole money from the Food Lion in Montgomery County. The perpetrator displayed a deadly weapon while perpetrating this crime. Ms. Diez identified Appellant as the individual who pointed a gun at her and stole the money immediately after the incident occurred. The trial court, as the trier of fact, determined that Ms. Diez's identification at the scene and in court were reliable. As stated above, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *Pruett*, 788 S.W.2d 559 at 561.

Therefore, this issue is without merit.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.


_____
JERRY L. SMITH, JUDGE

-5-