# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 9, 2013

## STATE OF TENNESSEE v. KEDRICK CARWELL

**Appeal from the Criminal Court for Shelby County**
No. 11-03417     James C. Beasley, Jr., Judge

No. W2012-01868-CCA-R3-CD  - Filed August 5, 2013

Following a jury trial, the defendant, Kedrick Carwell, was convicted of carjacking, a Class B felony, and employing a firearm during the commission of a dangerous felony, a Class C felony. The trial court sentenced him as a Range II, multiple offender to fifteen years for the carjacking conviction and as a violent offender to ten years for the firearm conviction, to be served consecutively. On appeal, he argues that the evidence is insufficient to support his convictions. Based upon our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Stephen C. Bush, District Public Defender; Tony N. Brayton (on appeal) and Jim Hale and Ben Rush (at trial), Assistant Public Defenders, for the appellant, Kedrick Carwell.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kate Edmands, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

### State's Proof

At trial, the victim, Johnathan Gibson, testified that on the evening of January 9, 2011, he had permission to use his mother's vehicle, a 2006 Ford Explorer, and drove it to "a little get-together" at the Prescott Place Apartments in Memphis. His girlfriend and her sister

accompanied him. They decided to leave the party around 11:30 p.m. because it had started snowing, and the victim went outside to start the vehicle and scrape ice off the windshield. As he was doing so, he was approached by a man who asked, "[H]ey, y'all having a party?" Because he had parked his vehicle underneath a street light, the victim could see that the man had a gun. The victim put his hands in the air, and the man told him to "get down." As the victim got down on the ground, he saw a second man, who was wearing a hoodie with a white t-shirt over it and jeans, about three feet away with a gun aimed at him. The first gunman then took the victim's shoes and pants, and the two men jumped into the victim's vehicle and drove away. The victim acknowledged that the second gunman never spoke to him during the incident.

The victim said that on January 25, 2011, he was shown three photographic arrays, from which he identified the defendant as the second gunman. He again identified the defendant at a preliminary hearing in March 2011 and identified him in the courtroom at trial. Asked if he had any doubt as to his identification of the defendant as one of the perpetrators, the victim replied, "No, I'm not doubting."

Officer Michael Thomas of the Memphis Police Department testified that on January 21, 2011, he responded to a suspicious vehicle call at 2107 Imogene where he discovered the victim's stolen vehicle.

Officer Newton Morgan of the Memphis Police Department testified that on January 22, 2011, he examined the victim's vehicle at the crime scene office and discovered a Kool-Aid package on the front console. He chemically processed the package to locate possible fingerprints. He obtained a print and secured it in a lockbox for the latent prints department to collect.

Debra Finley, a fingerprint technician with the Shelby County Sheriff's Department, testified that she obtained fingerprints from the defendant. Martin Milner, a latent print examiner with the Memphis Police Department Crime Scene Investigations, testified that the fingerprints found on the Kool-Aid package matched those of the defendant.

**Defense Proof**

Officer Bruce Brown of the Memphis Police Department testified that he received the robbery report in this case on January 10, 2011, and interviewed the victim by telephone. The victim told Officer Brown that he could not identify the perpetrators because he did not get a good look at them.

The twenty-two-year-old defendant testified that at the time of the offenses he made his living by selling cocaine, estimating that he made between $200 and $400 per week. He admitted that he had four felony convictions for sale of cocaine in 2009, for which he received five years of probation. The defendant denied any involvement in the carjacking of the victim or that he had ever carried a gun. However, he admitted driving the victim's vehicle, explaining that a "dope friend named Black" had "pawned" him the vehicle for a couple of hours in exchange for some crack cocaine. Because "Black" told the defendant that the vehicle belonged to him and his girlfriend and "Black" had the keys for the vehicle, the defendant did not think the vehicle was stolen. He said he returned the vehicle to "Black" after taking his mother to the Nike factory and going to a shopping mall.

## ANALYSIS

The defendant challenges the sufficiency of the convicting evidence, arguing that his convictions are "based upon the suspect identification made by the victim and the presence of the defendant's fingerprint on a Kool-Aid packet discovered in the victim's vehicle." The State responds by arguing, among other things, that the victim's testimony alone was sufficient to convict the defendant. We agree with the State.

When the sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). The same standard applies whether the finding of guilt is predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their

demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

We conclude that the evidence, when viewed in the light most favorable to the State, was sufficient to establish the defendant's identity as one of the perpetrators. A victim's identification of a defendant as the perpetrator of an offense is, alone, sufficient to establish identity. See State v. Hill, 987 S.W.2d 867, 870 (Tenn. Crim. App. 1998); State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). The victim identified the defendant from a photographic array shown to him approximately two weeks after the crimes and again at the preliminary hearing and at trial. The defendant's fingerprints were found on a Kool-Aid package inside the victim's vehicle, and the defendant admitted driving the victim's vehicle. Although the defendant testified as to how he came into possession of the victim's vehicle, the jury, by its verdict, rejected his explanation, as was its prerogative. This evidence was sufficient for the jury to find the defendant guilty of the offenses beyond a reasonable doubt. Accordingly, we affirm the defendant's convictions for carjacking and employing a firearm during the commission of a dangerous felony.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE