# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs October 1, 2013

## STATE OF TENNESSEE v. STANLEY ROOKS

**Appeal from the Criminal Court for Shelby County**
**No. 09-05310    Mark Ward, Judge**

---

**No. W2012-01456-CCA-R3-CD  - Filed November 22, 2013**

---

Appellant, Stanley Rooks, was convicted by a Shelby County jury of two counts of aggravated robbery, one count of attempted aggravated robbery, and one count of reckless endangerment with a deadly weapon. The trial court sentenced him to an effective sentence of thirty-four years. On appeal, he argues that the evidence was insufficient to support his convictions because the identification by the victim was not reliable. After a thorough review of the record, we conclude that the evidence was sufficient. Therefore, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Stephen Bush, Chief Public Defender and Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee, for the appellant, Stanley Rooks.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Charles Summer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Factual Background*

On the evening of May 6, 2009, Maria Ariza was returning to her apartment from a shopping trip. She was accompanied by her husband, Miguel Marcias, her fourteen-year-old son, Erick Marcias, and her five-month-old daughter. The family stopped at Sonic and

picked up supper before driving to their apartment. When they arrived at their apartment complex, they got out of the car to walk to their apartment. Ms. Ariza was carrying her infant daughter. Mr. Marcias was carrying bags from the shopping trip, and Erick was carrying the Sonic bags. They noticed a car that slowed as it approached them and passed them. Erick and Mr. Marcias had been robbed the previous week, so they found the car to be suspicious. Mr. Marcias told his family to hurry toward their apartment.

As the family approached the fence to their apartment complex, the suspicious car pulled up, and three armed men jumped out of the car. A fourth man remained in the driver's seat. The three men approached Ms. Ariza, Mr. Marcias, and Erick. One man approached each one of the three family members, held a gun to them, and demanded money. The man with Ms. Ariza held the gun to the head of her five-month-old daughter, whom she was holding. Ms. Ariza had her purse strap around her body with her purse hanging in front of her body. Her assailant pulled on the purse until it broke from the strap, and he then took it. The purse contained about $1,000. The assailant with Mr. Marcias took his wallet. Erick did not have any money. The three men ran back to the car, and the car drove away.

On May 11, 2009, the investigation was assigned to Detective Michael Rosario with the Memphis Police Department. He created a photographic lineup that included Appellant. Detective Rosario took the photographic lineup to the family's apartment. He presented the lineup to each family member individually while the other two family members remained in a separate room. Mr. Marcias and Erick could not identify anyone out of the lineup. However, it took Ms. Ariza just seconds to identify Appellant as her assailant. Sergeant Rosario testified that based on his experience with other identifications, he considered it a quick identification. The family then went to the police precinct with Detective Rosario to give their statements.

On August 18, 2009, Appellant was indicted by the Shelby County Grand Jury for two counts of aggravated robbery, one count of attempted aggravated robbery, and one count of reckless endangerment with a deadly weapon. A jury trial was held from February 28, 2012, to March 1, 2012. At the jury trial, Ms. Ariza, Mr. Marcias, Erick, and Detective Rosario testified to the above facts. Appellant presented one witness, Dr. Jeffrey Neuschatz, an expert in identification.

Dr. Neuschatz testified that he was a cognitive psychologist and had studied eyewitness identification. He explained how memory can be unreliable because the brain will try to create a consistent story and will fill in the gaps or remove inconsistencies. He stated that the accuracy of eyewitness identification can increase or decrease based on various factors. Dr. Neuschatz explained these factors and their effect in detail.

Dr. Neuschatz also stated that when a weapon is involved in an incident, often a phenomenon called "weapon focus" occurs where people have a tendency to focus on the weapon involved. He stated that when a weapon is involved in the crime, the accuracy of identification suffers. He also testified that cross-race identifications are less accurate.

At the conclusion of the evidence, the jury convicted Appellant as charged. The trial court held a sentencing hearing on May 4, 2012. The trial court sentenced Appellant to eleven years as a Range I, standard offender for each aggravated robbery conviction; nine years as a Range II, multiple offender for the attempted aggravated robbery conviction; and three years as a Range II, multiple offender for the reckless endangerment conviction. The sentences were ordered to be run consecutively for an effective sentence of thirty-four years.

## ANALYSIS

On appeal, Appellant argues that the evidence was insufficient to support his conviction because Ms. Ariza's identification was not sufficient to dispel a jury's reasonable doubt. The State argues that the evidence was sufficient.

To begin our analysis, we note that when a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S .W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally deemed with a presumption of innocence, the verdict of guilty removes this presumption and replaces it with one of guilt. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Bland*, 958 S.W.3d at 659; *Tuggle*, 639 S.W.2d at 914.

The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further,

questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proved, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. *See State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

Appellant argues that because two witnesses were unable to identify him in the photograph lineup and Ms. Ariza was the lone identification witness, the evidence is insufficient. Appellant argues that Ms. Ariza's identification was not reliable because she was under stress, it was a cross-race identification, and she had a limited opportunity to see her assailant.

We agree with Appellant that the identity of the perpetrator is an essential element of any crime. *State v. Thompson*, 519 S.W.2d 789, 793 (Tenn. 1975). The identification of a defendant is a question of fact for the determination of the jury after consideration of the proof. *State v. Strickland*, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993) (citing *State v. Crawford*, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982)). The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made. *State v. Radley*, 29 S.W.3d 532, 536 (Tenn. Crim. App. 1999) (citing *Strickland*, 885 S.W.2d at 87-88). A victim's identification of a defendant as the perpetrator of an offense is, alone, sufficient to establish identity. *See State v. Hill*, 987 S.W.2d 867, 870 (Tenn. Crim. App. 1998); *Strickland*, 885 S.W.2d at 87.

In the case at hand, Ms. Ariza identified Appellant out of a photographic lineup. Detective Rosario testified that she did not hesitate in her identification. She subsequently identified Appellant as her attacker at both the preliminary hearing and the trial. Appellant presented an expert witness on identification who testified extensively about the problems with memory and eyewitness identification. The jury, as the trier of fact, concluded that despite the expert testimony, Ms. Ariza's identification was reliable. Therefore, the jury's conclusion that Appellant was the perpetrator is supported by the evidence.

This issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.


_____

JERRY L. SMITH, JUDGE